## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SHORELINE FRUIT, INC.
Bayview Professional Centre
10850 E. Traverse Hwy., Suite 4001
Traverse City, MI 49684
                   Plaintiff

v.

PARADISE PRODUCTS CORP.
1080 Leggett Ave.
Bronx, NY 10474
       and

DAVID LAX
1080 Leggett Ave.
Bronx, NY 10474
       and

INA LAX
1080 Leggett Ave.
Bronx, NY 10474

       and

ANDREW LAX
1080 Leggett Ave.
Bronx, NY 10474
              Defendants



JUDGE KOELTL

07 CIV 9376

RECEIVED
OCT 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Shoreline Fruit, Inc. (hereinafter referred to as "plaintiff"), for its Complaint against

defendants, alleges:

### JURISDICTION AND VENUE

1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural

Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2.     Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3.     Plaintiff is a Michigan corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.   At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4.     a.     Defendant, Paradise Products Corp. ("Paradise"), is a New York corporation with a principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

b.     Defendants, David Lax, Ina Lax and Andrew Lax, upon information and belief, are and were the officers and directors of Paradise and are and were in positions of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.     Plaintiff sold and delivered to defendants, in interstate commerce, $51,533.00 worth of wholesale quantities of produce.

7.     Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff $51,533.00.

8.     At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all

sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.      Plaintiff preserved its interest in the PACA trust in the amount of $51,533.00 and remains a beneficiary until full payment is made for the produce.

10.     Defendant's failure, inability and refusal to pay the amount of $51,533.00 show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

## Count 1
### (Failure to Pay Trust Funds)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     The failure of defendants to make payment to plaintiff of trust funds in the amount of $51,533.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2
### (Failure to Pay For Goods Sold)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Defendants failed and refused to pay plaintiff $51,533.00 owed to plaintiff for produce received by defendants from plaintiff.

## Count 3
### (Unlawful Dissipation of Trust Assets by
### a Corporate Officer – David Lax)

16.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17.    Defendant, David Lax, was an officer and director and was in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

18.    Defendant David Lax, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

19.    Defendant David Lax's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20.    As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 4
(Unlawful Dissipation of Trust Assets by
a Corporate Officer –Ina Lax)

21.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22.    Defendant, Ina Lax, was an officer and director and was in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

23.    Defendant Ina Lax failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

24.    Defendant Ina Lax's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

25.    As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 5
(Unlawful Dissipation of Trust Assets by
a Corporate Officer –Andrew Lax)

26.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27.    Defendant, Andrew Lax, was an officer and director and was in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

28.    Defendant Andrew Lax failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

29.    Defendant Andrew Lax's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

30.    As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 6
(Interest and Attorney's Fees)

31.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32.    As a result of defendants' failure to make full payment promptly of $51,533.00, plaintiff has lost the use of said money.

33.    As a further result of defendants' failure to make full payment promptly of $51,533.00, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

WHEREFORE, plaintiff requests the following relief:

1)    An order enforcing payment from the trust by requiring immediate payment of $51,533.00 to plaintiff;

2)    Judgment against each of the defendants, jointly and severally, in the amount of $51,533.00 under the trust provisions of the PACA;

3)    Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated this 18th day of October, 2007.

Respectfully submitted

LAW OFFICES OF BRUCE LEVINSON

By:_____

Gregory Brown (GB1977)
Bruce Levinson (BL0749)
747 Third Avenue, 4th Floor
New York, New York 10017-2803
(212) 750-9898

and

Louis W. Diess, III
McCARRON & DIESS
4900 Massachusetts Ave., N.W. Suite 310
Washington, D.C. 20016
(202) 364-0400

Attorneys for Plaintiff